## N. J. MILTON v. STATE.

No. A-215.   Opinion Filed November 23, 1910.

(111 Pac. 654.)

**INDICTMENT AND INFORMATION—Duplicity—Separate Offenses.**
Selling intoxicating liquor and having intoxicating liquor in one's possession with the intention of violating any of the provisions of the prohibitory liquor law are made two separate and distinct offenses by the statute, and cannot be joined in an information or indictment.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court; Sam Hooker, Judge.*

N. J. Milton was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*Giddings & Giddings,* for appellant.
*Fred S. Caldwell,* for the State.

PER CURIAM. The statute makes it an offense for any person to sell, barter, give away, or otherwise dispose of any spirituous, vinous, fermented, or malt liquors, or any imitation thereof or substitute therefor. It also goes further, and makes it a separate and distinct offense for any person to have in his possession any such liquor with the intention of violating any of the provisions of the prohibitory liquor law. The information in this case charged the defendant with both of the above-named offenses. The defendant demurred to the information on the ground of duplicity. This demurrer was overruled by the court. In this there was error. Our statute in express terms declares that an information or indictment must charge but one offense. See *Wells v. Terr.,* 1 Okla. Cr. 469, 98 Pac. 483; *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57.

For this error, the judgment of the lower court is reversed, and the cause is remanded.