ARCHIBOLD CLARK v. STATE.

No. 242.    Opinion Filed May 9, 1911.

Appeal from Oklahoma County Court; Sam Hooker, Judge.

Pruiett & Sniggs and E. G. McAdams,. for appellant.

PER CURIAM. Appellant was convicted for a violation of the prohibitory liquor law and his punishment was assessed at 40 days' imprisonment and a fine of $400. The information in this cause charged the defendant with two separate and distinct offenses, to wi.· The sale of intoxicating liquors and having intoxicating liquors in his possession with the intention of selling the same. That two separate and distinct offenses cannot be joined in one and the same information or indictment has been repeatedly decided by this court. See Bonitzer v. State, 4 Okla. Cr. 354; Colon Cochran v. State, 4 Okla. Cr. 379. But even without these decisions we would be compelled to hold that this information is bad for duplicity, because section 6699 of Snyder's Comp. Laws of Okla. 1909 in express terms declares that the information or indictment must charge but one offense. The court should therefore have sustained the demurrer filed by appellant to the information upon the ground of duplicity.

---

TOM HERNDON v. STATE.

No. A-635.    Opinion Filled May 9, 1911.

Appeal from Pittsburg County Court; B. P. Hammond, Special Judge.

Cad Mathis and T. D. Taylor, for appellant.
Smith C. Matson, Asst. Atty Gen., for the State.

PER CURIAM. This is an attempted appeal from a conviction for violating the prohibitory liquor law, where the punishment of the appellant was assessed at a fine of $50 and 30 days' confinement in the county jail. What purports to be the case-made is not settled and signed by the judge who tried said cause. There is no transcript of the record in this cause. The appeal is therefore dismissed and the cause is remanded, with directions to the county court of Pittsburg county to proceed with the enforcement of its judgment.