## BURT GRANT v. STATE.

No. A-686.   Opinion Filed September 23, 1911.

(117 Pac. 1100.)

**INDICTMENT AND INFORMATION — Duplicity.** An information which attempts to charge separate offenses against an accused not based upon the same transaction is duplicitous, and should be set aside, unless the state elects to go to trial upon one specific count, and dismisses the others.

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court; E. D. Reasor, Judge.*

Burt Grant was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*L. G. Pitman* and *E. E. Hood,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty Gen., for the State.

ARMSTRONG, J. From the transcript filed in this case it appears that the plaintiff in error, Burt Grant, was convicted

on the 23d day of March, 1909, in the county court of Potta-
watomie county on an information in said court by the county
attorney, which information contains four counts, and is as fol-
lows:

"Comes now V. R. Biggers, the duly qualified and acting
county attorney in and for Pottawatomie county, state of Okla-
homa, and gives the county court of Pottawatomie, and state
of Oklahoma, to know and be informed that the above-named
defendant, Burt Grant, late of Pottawatomie county, did in Pot-
tawatomie county, and in the state of Oklahoma, on or about
the 19th day of November, in the year of our Lord one thousand,
nine hundred and eight, and at the building known as the Reeble
hotel, city of Shawnee, unlawfully, knowingly, and wilfully
keep and maintain a place in which there was received and
kept spirituous, vinous, fermented, and malt liquors and imita-
tions thereof and substitutes therefor, to wit, whisky, beer, ale,
and wine, for the purpose of selling, bartering, giving away, and
otherwise furnishing the same, contrary to the form of the stat-
utes in such cases made and provided, and against the peace and
dignity of the state of Oklahoma."

Second count:

"And now comes the said V. R. Biggers, county attorney
as aforesaid, and gives the said county court further to know and
be informed that the above-named defendant, Burt Grant, late
of Pottawatomie county, did, in Pottawatomie county, and in
the state of Oklahoma, on or about the 19th day of November,
in the year of our Lord one thousand, nine hundred and eight,
unlawfully, knowingly, and wilfully ship and in some way carry
spirituous, vinous, fermented, and malt liquors and imitations
thereof and substitutes therefor, to wit, whisky, beer, ale, and
wine, from a place in the city of Shawnee, unknown to your
informer, a place within the county of Pottawatomie and state
of Oklahoma, to a building known as the Reeble hotel in the
city of Shawnee, being another place within the county of Pot-
watomie and state of Oklahoma, contrary to the form of the stat-
utes in such cases made and provided, and against the peace and
dignity of the state of Oklahoma."

Third count:

"And now comes the said V. R. Biggers, county attorney
aforesaid, and gives the said county court further to know and
be informed that the above-named defendant, Burt Grant, late

of Pottawatomie county, did, in Pottawatomie county and in the state of Oklahoma, on or about the 19th day of November, in the year of our Lord one thousand, nine hundred and eight, unlawfully, knowingly, and wilfully have the possession of spirituous, vinous, fermented, and malt liquors and imitations thereof and substitutes therefor, to wit, whisky, beer, ale, and wine with the intention then and there to sell, barter, give away, and, otherwise furnish the same, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

Fourth count:

"And now comes the said V. R. Biggers, county attorney, as aforesaid, and gives the said county court further to know and be informed that the above-named defendant, Burt Grant, late of Pottawatomie county, did in Pottawatomie county, and in the state of Oklahoma, on or about the 19th day of November, in the year of our Lord, one thousand, nine hundred and eight, unlawfully, knowingly, and wilfully sell, barter, give away, and otherwise furnish spirituous, vinous, fermented, and malt liquors and imitations thereof and substitutes therefor, to wit, whisky, beer, ale, and wine, and E. A. Pierce, John Garrett, and divers other persons unknown to your informant, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

In the case of *DeGraff v. State*, 2 Okla. Cr. 519, 103 Pac. 538, involving an identical question, this court said:

"An information or indictment must charge but one offense; but when the same act may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty, the different offenses may be set forth in separate counts in the same indictment or information, but in such cases the information or indictment must show upon its face that the separate counts are all based upon one and the same transaction."

The court says further:

"The offenses of maintaining a place where liquors are kept for the purpose of sale, and of transporting liquor from one place in the state to another place therein, and of knowingly having the possession of liquor for the purpose of sale, and of selling such liquor, are all separate and distinct offenses, and are based

upon the separate acts, and cannot be joined in the same information or indictment."

See, also, the case of *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57.

Following the rule announced in the De Graff case, *supra,* the judgment of the trial court in this case is reversed, and a new trial awarded.

FURMAN, P. J., and DOYLE, J., concur.