## JOHN PETITTI v. STATE.

No. A-704.   Opinion Filed February 10, 1912.

(121 Pac. 278.)

1.   **INDICTMENT AND INFORMATION—Requisites of Accusation—Following Language of Statute.** An indictment for felony, although in the language of the statute, is not sufficient, unless it states all the elements necessary to constitute the offense.

2.   **STATUTES—Repeal—Implication—Statutes Covering Same Subject-Matter.** The rule of construction of statutes is that, where two acts are not in express terms repugnant, yet, if the latter act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will act as a repeal of the first, and especially where the subsequent act contains a general repealing clause.

3.   **BRIBERY—Statutory Provisions—Repeal.** Sections 2120 and 2121 of the Penal Code (Comp. Laws of 1909) were repealed by an act entitled "An act relating to the bribery of certain public officers, and providing punishment therefor," approved February 21, 1905, art. 7, c. 13, p. 197, Sess. Laws of 1905, being sections 2147, 2148, and 2149 of the Penal Code (Comp. Laws 1909).

4.   **BRIBERY—Criminal Prosecution—Sufficiency of Evidence.** Evidence examined, and held insufficient to sustain the verdict, finding the defendant guilty of bribery.

5.   **BRIBERY—Indictment—Sufficiency.** An indictment for offering a bribe to a constable to influence him in the execution of a search warrant which he was proceeding to execute is insufficient, where it does not allege that the defendant knew that the person named was an officer, and does not allege that the search warrant was issued out of a court of competent jurisdiction to the officer for execution.

(Syllabus by the Court.)

*Appeal from District Court, Pittsburg County;*
*A. T. West, Judge.*

John Petitti was convicted of bribery, and appeals. Reversed.

*W. H. Horton* and *L. A. Smith,* for plaintiff in error.

DOYLE, J.  John Petitti, plaintiff in error, was indicted, tried, and convicted for the offense of bribery by feloniously

offering to give a bribe of $10 to one A. L. Banks, a constable of McAlester township, with the intent to corruptly influence him, as such officer, in the execution of a search warrant which he, as such officer, was proceeding to execute upon and against the premises of said John Petitti, and was sentenced to imprisonment in the penitentiary for a term of one year, and to pay a fine of $100.

Numerous assignments of error are presented by the petition and ably argued in the brief. No brief has been filed by the state.

From a careful examination of the record, our conclusion is that the judgment in this case cannot be permitted to stand. In the first place, the indictment is insufficient, in that it does not allege that the defendant knew that Banks was an officer, and does not allege that the search warrant was issued out of a court of competent jurisdiction to the officer for execution.

We also think the evidence is insufficient to show the commission of an offense. The testimony of the officer was that, in the execution of a search warrant, he went to the home of the defendant, and there found several bottles of beer and a quart of whisky, which he seized; that he delivered a copy of the search warrant to the defendant; that he told the defendant that he was going to arrest him, and the defendant laid a $10 bill on the table, and told him that he would give it to him to leave the beer and not arrest him; that the defendant then turned to Mr. Larrison, who was with him, with a handful of silver, and told Larrison that he would give him $10. On cross-examination, he admitted that the defendant accused him of taking $105 out of the pocket of a coat that was hanging in the room.

Larrison testified that he went with the constable to help him execute the search warrant; that he saw the defendant trying to have the officer take a $10 bill, but did not hear what he said; that the officer had him under arrest at the time, and told the defendant they were going to take him with them; that the defendant was at the time charging them with having taken $105 of his money.

The search warrant and affidavit were introduced in evidence, and showed that the search warrant was issued upon an affidavit. made upon information and belief.    The search warrant was absolutely void, and the arrest of the defendant, without a warrant, was without authority of law.

From the testimony on the part of the state, it is impossible to tell whether the offer was made by the defendant to be released from his unlawful arrest, or in connection with the execution of the search warrant issued without authority of law.    The defendant, testifying on his own behalf, denied that he made any offer of money to the officer or any other person.

It also appears that the court erred in giving to the jury instruction No. 2, as follows:

"Any person who gives or offers any bribe to an executive officer of this state, with intent to influence him with respect to any act, decision, vote, opinion, or other proceeding of such officer, is punishable by confinement in the state prison not exceeding ten years, or by fine not exceeding five thousand dollars."

Evidently the court had in mind that the prosecution was predicated upon section 2120 (Comp. Laws 1909) of the Penal Code, Laws of 1890.

Act approved Feb. 21, 1905 (Sess. Laws 1905, p. 197), is as follows:

Section 1 (section 2147, Comp. Laws 1909) :

"Whoever corruptly gives, offers or promises to any executive, legislative, county, municipal, judicial or other public officer, or any person assuming to act as such officer, after his election or appointment, either before or after he has qualified or has taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment on any matter, question, cause or proceeding which then may be pending, or may by law come or be brought before him in his official capacity, or as a consideration for any speech, work or service in connection therewith, shall be punished by imprisonment in the state prison not exceeding five years, or by a fine not exceeding three thousand dollars and imprisonment in jail not exceeding one year."

Section 2 (section 2148, Comp. Laws 1909) :

"Every executive, legislative, county, municipal, judicial or other public officer, or any person assuming to act as such officer, who corruptly accepts or requests a gift or gratuity, or a promise to make a gift, or a promise to do an act beneficial to such officer, or that judgment shall be given in any particular manner, or upon a particular side of any question, cause or proceeding, which is or may be by law brought before him in his official capacity, or as a consideration for any speech, work or service in connection therewith, or that in such capacity he shall make any particular nomination or appointment, shall forfeit his office, be forever disqualified to hold any public office, trust or appointment under the laws of this state and be punished by imprisonment in the state prison not exceeding ten years, or by fine not exceeding five thousand dollars and imprisonment in jail not exceeding one year."

Section 3 (section 2149, Comp. Laws 1909):

"All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

The act of 1905 in effect repealed sections 2120 and 2121, Comp. Laws 1909, under the rule of construction that, where two acts are not in express terms repugnant, yet, if the latter act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will act as a repeal of the first act, especially where the subsequent act contains a general repealing clause. For this reason, in so far as it defines the punishment, the instruction given is erroneous. For the same reason, the court erred in pronouncing judgment against the defendant for imprisonment, and that he also pay a fine, as the latter act does not provide for both fine and imprisonment.

Our conclusion is that the prosecution in this case is destitute of merit, and for the reasons stated the judgment of conviction will be reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.