## J. S. KIMBRELL v. STATE.

No. A-1070.  Opinion Filed May 18, 1912.

1.  INDICTMENT AND INFORMATION — Duplicity—Amendments. (a)  An information or indictment is bad for duplicity if it charges more than one offense.  DeGraff v. State, 2 Okla. Cr. 540, and Green v. State, 6 Okla. Cr. 344, modified.

(b)  While a duplicitous information may be amended, yet if such amendment operates as a surprise to a defendant, reasonable time must be allowed him to prepare for trial.

2.  TRIAL—Instructions—Reasonable Doubt.  An instruction that if the jury finds that the defendant had in his possession intoxicating liquors with the intention of selling the same they should convict him, is erroneous in failing to tell the jury that they must so find from the evidence in the case beyond a reasonable doubt before they can convict him.

(Syllabus by the Court.)

*Appeal from Noble County Court;
H. A. St. Clair, Judge.*

Appellant was found guilty of a violation of the prohibitory liquor law, and his punishment was assessed at a fine of $50 and 30 days' confinement in the county jail.  Appealed.  Reversed.

*Henry S. Johnston,* for appellant.

*Smith C. Matson,* Asst. Atty Gen., for the State.

FURMAN, P. J.  First. In their brief counsel for appellant complains of the action of the trial court in overruling the motion of appellant to set aside the information and overruling the demurrer to the information.  The information in this case contains two counts.  The first count charges the appellant with unlawfully selling one pint of whisky to one George Dailey; the second count charges the appellant with having in his possession whisky with intent to barter, sell, and give away the same.  The question presented is as to whether it is permissible for an information or indictment to charge two or more separate and distinct

offenses. Whatever the practice may be in other states, this question, under the Constitution and laws of Oklahoma, can have but one answer. The Constitution declares that a defendant "shall be informed of the nature and cause of the accusation against him and have a copy thereof." See Williams' Const. of Okla., sec. 20, art. 2. This evidently contemplates that an information or indictment shall include but one accusation.

Section 6699, Comp. Laws 1909, is as follows:

"The indictment must charge but one offense, but where the same acts constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

It is true that in the case of DeGraff v. State, 2 Okla. Cr. 540, this court expressed the opinion that where an information or indictment charged more than one offense the state might elect the count upon which the trial should proceed; but upon more mature reflection we are satisfied that we were wrong in saying that this could be done. If it is permissible to incorporate more than one offense in the same indictment or information, then an indefinite number of offenses might be so incorporated, and when the cause was reached for trial the state might dismiss all of the counts in the indictment or information except as to one offense. The purpose of the Constitution is that a defendant shall be informed as to the specific offense for which he is to be tried, in order that he may prepare for trial. It would be a violation of the letter and spirit of our Constitution, and also of our statute, to inform a defendant of a number of different offenses and require him to prepare for trial on all of them. This would give to the state the right to elect, when the trial began, which count would be pressed against the defendant. This would be a regular ambuscade and would be a mockery on justice. We are of the

opinion that an indictment or information must charge but one offense, and where more than one offense is charged it is bad for duplicity, and upon objection being made to an indictment upon this ground the case should be dismissed. It is true that a duplicitous information may be amended, but if such amendment operates as a surprise to a defendant reasonable time should be allowed him to prepare for trial. To this extent the cases of *DeGraff v. State,* 2 Okla. Cr. 540, and *Green v. State,* 6 Okla. Cr. 344, are modified.

Second. The court instructed the jury as follows:

"If you should find in this case, that on or about the 18th day of February, 1910, the defendant did have in his possession intoxicating liquors, to wit, whisky, with intent to sell, barter, or give away the same or any part thereof to one Geo. Dailey or to defendant's friends or any other person, then the defendant is guilty of the offense charged and you should so find."

This instruction is fatally defective, because it does not inform the jury that they should find from the evidence in the case beyond a reasonable doubt that the facts therein stated were true; before they could convict the appellant.

In the case of *Remer v. State,* 3 Okla. Cr. 711, on this subject, Judge Richardson said:

"The court gave the jury the following instruction:

"'No. 2. The court instructs the jury that if you believe from the evidence that the defendant, Sam Remer, did at the time and place alleged in the information barter, sell, or give away intoxicating liquor, to wit, whisky, to one Rufe Correll, it will be your duty to find the defendant guilty.'

"The defendant objected to the giving of this instruction in this form, and his objection being overruled, saved an exception. The objection to the instruction was well taken. This instruction went to the very gist of the case. It might be termed the substantive instruction in the cause; the one embodying the elements of the crime charged, and informing the jury under what circumstances they should convict the defendant, and to which every other instruction given was merely adjective or explanatory. And that being true, it was essential that this instruction should be correct. But it is not. It tells the jury that if they only *believe* from the evidence that the defendant sold the whisky, then it is their duty to convict. How strong that belief should be the jury

were not told. Under this instruction they were authorized to convict even upon a vague, uncertain belief founded upon a bare preponderance of the evidence; whereas the statute and the adjudged cases require that the belief be a positive one and based upon evidence possessing that degree of probative weight and force that it satisfies the minds of the jurors of the defendant's guilt beyond a reasonable doubt. *Claxton v. Com.* (Ky.) 30 S. W. 998; *Pierson v. State,* 99 Ala. 148, 13 South. 550; *Webb v. State,* 73 Miss. 456, 19 South. 238; *Burton v. State,* 107 Ala. 108, 18 South. 284; *Carr v. State,* 104 Ala. 4, 16 South. 150. Every instruction which submits to the jury a hypothetical state of facts, upon the finding of the truth of which they are to convict the defendant, should tell the jury that they must find those facts from the evidence beyond a reasonable doubt. Such instruction should embody only the facts essential to a conviction; and it is the better practice to incorporate in the same instruction the alternative proposition, that if upon a consideration of all of the evidence the jury entertain a reasonable doubt of the truth of any one or more of these essential facts, they should acquit. We would recommend the following as a proper instruction in this character of cases.

"The court instructs the jury that if they believe from the evidence in this case beyond a reasonable doubt that the defendant, Sam Remer, in this county and state, on or about the 1st day of February, 1908, did sell whisky in any quantity whatever to one Rufe Cornell, then it will be your duty to find the defendant guilty as charged in the information. On the other hand, if, upon a consideration of all of the evidence in this case, you entertain a reasonable doubt as to whether the defendant, in this county, on or about the date mentioned, did sell whisky to the said Rufe Correll, then you should acquit the defendant."

For the errors hereinbefore pointed out, the judgment of the lower court is reversed and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.