## HOMER WEAR v. STATE.

No. A-5167.   Opinion Filed April 18, 1925.
(235 Pac. 271.)

(Syllabus.)

1.  **Indictment and Information—Information in Words of Statute, When Insufficient.** Where an offense is created by statute, unless all the elements necessary to constitute the offense are used in the statute defining the offense, an information based on such statute in the language of the statute is not sufficient, but it is necessary in such case that the information go beyond the statute and allege every element constituting the offense.

2.  **Same—Same Act Constituting Different Offenses—Setting out in Separate Counts in Information.** An information must charge but one offense, and, where the same act may constitute different offenses, the different offenses may be set out in separate counts in the same information, and in such case the information must show on its face that the separate counts are all based on one and the same act or transaction.

3.  **Same—Information Showing on Face that Offenses not Based on Same Transaction Duplicitous.** Where, upon the face of the information, it conclusively appears that the offense sought to be charged in the separate counts are not based on the same act or transaction, the information is duplicitous, although the information may contain the allegation that the different counts are based on the same act or transaction.

Appeal from District Court, Ottawa County; J. J. Smith, Judge.

Homer Wear was convicted of criminal syndicalism, and appeals.   Reversed and remanded.

John J. Carney, for plaintiff in error.

EDWARDS, J.   For brevity the plaintiff in error will be referred to as defendant, as in the lower court.

The defendant was convicted in the district court of Ottawa county upon the charge of criminal syndicalism, and sentenced to serve a term of five years in the penitentiary.   The information in this case contains two counts. The first count charges:

" * * * That Homer Wear did in said county and state on or about the 8th day of June in the year of our Lord, one thousand nine hundred and twenty-three, and anterior to the presentment hereof, commit the crime of criminal syndicalism in manner and form as follows, to wit:

"Said defendant, then and there being, did then and there on or about said day and date, willfully, unlawfully and feloniously organize and assist in organizing and knowingly become a member of an organization, society, club, or assembage of persons known as Industrial Workers of the World, sometimes known as the I. W. W., which said Industrial Workers of the World, otherwise known as the I. W. W., were then and there organized for the purpose of defending, advocating, teaching, aiding, and abetting criminal syndicalism, sabotage, violence, and unlawful methods of terrorism as a means of accomplishing a change in industrial ownership and affecting political changes."

The second count begins by alleging that it is a different statement of the offense set out in the first count, then charges that the defendant did willfully, unlawfully and feloniously, by joining and becoming a member of said organization, affirmatively, by writings, advocate the duty, necessity, and propriety of committing the crime of criminal syndicalism, etc, and as a part of such scheme did issue, distribute, circulate, etc., books, papers, etc., teaching and advising criminal syndicalism, setting out extracts from various printed matter, and further alleging that the defendant distributed, and caused to be distributed, various items of such printed matter. The defendant demurred to the information on all statutory grounds, which was denied. Objection was also made to the introduction of any evidence for the reasons assigned in the demurrer and motion. During the trial the state elected to proceed on the first count of the information, but did not dismiss and strike out the second count.

The defendant presents his contentions as follows:

First, that the first count of the information is not sufficiently specific and certain to charge any offense against the defendant; second, that evidence obtained by an unlawful search was admitted in evidence against the defendant, over his objection; third, that the evidence is insufficient to prove the commission of any offense; fourth, that the information is duplicitous.

Upon the first assignment above stated it will be observed that the offense sought to be charged is stated substantially in the words of the statute. As a general rule this is sufficient, but there are well-recognized exceptions to it. One of the exceptions is that, where an offense is created by statute, unless all the elements necessary to constitute the offense are used in the statute in defining the offense, it is necessary in an information to go beyond the statute and allege every element constituting the offense. Bishop's New Criminal Procedure, vol. 1, par. 625; Wharton's Criminal Pleading and Practice, § 220; Petitti v. State, 7 Okla. Cr. 12, 121 P. 278; Simpson v. State, 5 Okla. Cr. 57, 113 P. 549; Porter v. State, 4 Okla. Cr. 654, 111 P. 1023; Armstead v. State, 11 Okla. Cr. 649, 150 P. 511; Wilcox v. State, 13 Okla. Cr. 599, 166 P. 74.

We are of the opinion that that part of section 2221, Comp. St. 1921, making it a crime to organize, help to organize, or become a member of, or voluntarily assemble with, any society or assembly of persons teaching, advocating, or affirmatively suggesting syndicalism, upon which the first count of the information is based, in defining the offense, does not contain all the elements necessary to constitute an offense. An information based on this part of the section must be extended beyond the statutory words and state the facts essential to constitute the crime. The first count of the information is therefore insufficient. Upon the second assignment, that the evidence introduced was procured by an unlawful search, we are not able to

ascertain from the record presented that the search was unlawful. The defendant was arrested upon a charge of felony, whether with or without a warrant does not appear. No question appears to be raised as to the legality of the arrest of the defendant, and, where a defendant is arrested, it is proper for the officer to search the person and immediate surroundings of the person arrested and to take possession of anything necessary for the safety of the officer or the public safety, or that may be used in the commission of crime. Berg v. State, 29 Okla. Cr. 112, 233 P. 497; Davis v. State, 30 Okla. Cr. 61, 234 P. 787. Under the right given by these authorities it is not made to affirmatively appear that any unlawful search was made as contended.

Upon the third assignment, the insufficiency of the evidence, this being primarily a question for the jury, and as the case may again be tried, we do not hold that sufficient evidence might not be introduced to sustain a proper information.

The fourth assignment, that the information is duplicitous, we believe is well taken. The charge of organizing and knowingly becoming a member of the prohibited organization charged in the first count of the information is not the same offense as the issuing, distributing, and circulating of books, papers, etc., as charged in the second count of the information. The indictment or information must charge but one offense, and the term "same offense' means, not the same class or kind, eo nomine, but means an offense committed by the same act, transaction, or omission. Section 2558, Comp. St. 1921; 1 Bishop's New C. L. par. 1050; Estep v. State, 11 Okla. Cr. 103, 143 P. 64; Grant v. State, 6 Okla. Cr. 172, 117 P. 1100; Williams v. State, 16 Okla. Cr. 54, 180 P. 559; Berg v. State, supra.

Where an information contains two or more counts

which are based on the same transaction, it is necessary to allege such fact. But, where an offense is sought to be charged in the different counts which are not in fact based on the same act or transaction, the allegation that they are based on the same act will not suffice. While in this case the second count alleges that the offense sought to be charged therein is a different statement of the offense stated in the first count, an examination of the offense sought to be charged in the two counts conclusively shows that they are not the same, and the allegation is not sufficient to satisfy the statute. Bonitzer v. State, 4 Okla. Cr. 354, 111 P. 980.

Where different offenses are charged in separate counts, an election to try on one count does not cure the defect and render the information any the less duplicitous. It was error to overrule the demurrer on the ground of duplicity, unless the other count is dismissed.

For the reasons assigned the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.