## W. J. SNELLING v. STATE.

No. A-4482.    Opinion Filed May 7, 1925.
(235 Pac. 943.)

(Syllabus.)

1.    Witnesses—Showing Witness Convicted of Violation of Prohibi-

**tion Law Permissible to Affect Credibility.** For the purpose of impeachment, it is permissible to show that a witness has been convicted of a violation of the prohibition laws of the state for the purpose of affecting his credibility.

2. **Intoxicating Liquors—Instruction on All Offenses Against Liquor Laws Held Erroneous.** Where an accused is charged with violation of the prohibitory law by having possession of intoxicating liquor with intent to sell, barter, and give away, it is improper to inform the jury of all the different offenses against the prohibitory law, and then instruct them that if they find and believe that the accused committed the offense of violation of the prohibitory laws of the state, as defined to them, they should find the defendant guilty, is error, as under such instruction the jury might convict the accused of some other violation of the prohibitory law than that charged in the information.

Appeal from County Court, Tillman County; W. H. Hussey, Judge.

W. J. Snelling was convicted of possession of intoxicating liquors, and appeals. Reversed and remanded.

P. Mounts, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was convicted in the county court of Tillman county on a charge of having possession of whisky with the intent to sell, and appeals. He assigns as error the following: First, error in excluding certain evidence offered by the plaintiff in error; second, error in the court's instructions to the jury; third, the insufficiency of the evidence.

It appears from the record that the plaintiff in error and a negro were in a car transporting two 5-gallon jugs of whisky when arrested. The negro was one of the principal witnesses against the plaintiff in error.

In the trial of the case, after the evidence of the state had been concluded, the plaintiff in error called T. C. Greer, court clerk, and inquired if he had an information

against the negro charging violation of the liquor laws, to which an objection was sustained. This was evidently intended as a preliminary question, and thereupon the plaintiff in error made an offer to prove that, prior to the time in question, the negro witness had been charged with the violation of the liquor law, had pleaded guilty, and had served a term in jail. The offer was excluded by the court. This was error, as under the provisions of section 585, Comp. Stats. 1921, the conviction for a crime may be shown for the purpose of affecting the credibility of a witness. While the statute in question applies in civil actions, under section 2699, Comp. St. 1921, it is provided that the rules of evidence in civil cases are applicable also in criminal cases. But without this statutory provision, since violations of the prohibitory laws indicate moral turpitude, convictions for such would be admissible for the purpose of impeachment; yet standing alone it would not be a sufficient reason for reversing the conviction.

At the conclusion of the trial the court instructed the jury as follows:

"That part of the statute under which this conviction is drawn and under which the defendant is prosecuted is in substance as follows:"

Then the court sets out the entire statute enumerating in full all the offenses under the prohibitory law and concludes the instruction:

"Any person violating any provision of this section of the statute shall be guilty of a misdemeanor, and upon conviction shall be fined not less than $50 nor more than $500, and be imprisoned in a county jail not less than 30 days nor more than 6 months."

Immediately following the foregoing instruction is the following:

"No. 2. If you find and believe from the evidence

beyond a reasonable doubt that the defendant, W. J. Snelling, in Tillman county, state of Oklahoma, on or about the 11th day of April, 1922, did commit the offense of violation of the prohibitory liquor law of this state, as above set out in paragraph No. 1 of these instructions, then and in that event you will find the defendant guilty as charged, but should you fail to so find, or if you have a reasonable doubt as to his guilt, it will be your duty to acquit the defendant.

"No. 3. In this case, gentlemen of the jury, as in all criminal cases, the burden of proof is upon the state to prove to your satisfaction beyond a reasonable doubt each and every material allegation in the information necessary to establish the offense as charged therein and to your satisfaction beyond a reasonable doubt, but should the state fail to do this, then it will be your duty to acquit the defendant."

The foregoing are the only instructions upon the substantive acts constituting the offense charged in the information. The jury are not told what constitutes the offense charged, nor what things they must find in order to return a verdict against the plaintiff in error. Under the foregoing instructions the jury might well have found the plaintiff in error guilty of manufacturing whisky or of transporting whisky, and not for having possession with intent to sell, for which latter offense alone he was on trial. An accused can be tried in a single information for but one offense. He cannot be charged in a single information with transporting liquor and for having liquor in possession with intent to violate the law, as these are separate and distinct offenses. Tunnard v. State, 5 Okla. Cr. 529, 115 P. 603, Grant v. State, 6 Okla. Cr. 172, 117 P. 1100. See, also, Kimbrell v. State, 7 Okla. Cr. 354, 123 P. 1027; Clark v. State, 5 Okla. Cr. 704, 115 P. 377; Milton v. State, 4 Okla. Cr. 372, 111 P. 654.

It follows, of course, that since under our code two separate violations of the liquor law cannot be charged in

the same information, that a conviction cannot be upheld where under the instructions the conviction may have been for separate offenses.

In this case the jury should have been told that the accused was on trial upon a charge of having liquor with intent to sell. Other offenses against the liquor law were improperly given to the jury. The jury should have been told what constituted the offense and what were the essentials to be found by them in order to return a verdict of guilty. The language of instruction No.2, quoted above: "If you find and believe * * * that W. J. Snelling * * * did commit the offense of violation of the prohibitory liquor law of this state as above stated * * *" permitted the jury to take into consideration any violation of the liquor law, such as the distilling of whisky, the transporting from one place in this state to another, offenses for which he was not charged and not on trial. This was clearly erroneous.

The Attorney General in his brief admits that the foregoing instructions are misleading and not as clear as they should have been.

The last assignment, that the evidence is insufficient, is wholly untenable. It appears to us from an examination of the record that there was an abundance of evidence to sustain the verdict, and it is with extreme reluctance that we hold that the instructions are such that the plaintiff in error was deprived of a substantial right and a new trial must be awarded.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.