## W. J. SNELLING v. STATE.

No. A-6074. Opinion Filed July 21, 1928.
Rehearing Denied Nov. 24, 1928.
(271 Pac. 687.)

Hussey & Conner, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Tillman county on a charge of unlawfully transporting whisky, and was sentenced to pay a fine of $500 and to serve six months in the county jail.

At the time charged, defendant was apprehended in an automobile upon the highway in which were two five gallon jugs of whisky. Two informations were filed— one charging possession with the intent to violate the prohibitory liquor law; the other, the information in this case, charging the transporting of the same whisky. The possession case was first tried, a conviction resulted, and defendant appealed to this court, 30 Okla. Cr. 280, 235 P. 943, which was reversed and remanded. Thereupon the state elected in the instant case to try defendant upon the charge of transporting. Defendant pleaded not guilty, and filed what is designated a motion to quash and dismiss, but which in effect is a plea of former jeopardy by reason of the former trial upon the information charging possession. The two charges being for the same act and transaction, the defendant may be put in jeopardy upon only one, and the state may elect upon which of the two charges it will rely.

When the former conviction was reversed and remanded upon appeal, it stood as if no trial had been had, and the state might then elect upon which of the two informations it would rely. The trial of this case constitutes an election, and a conviction or acquittal constitutes a good plea in bar to the charge of possession. Johnson v. State, 1 Okla. Cr. 321, 97 P. 1059, 8 Ann. Cas. 300; Watson v. State, 26 Okla. Cr. 377, 224 P. 368.

It is argued at some length that the court erred in refusing certain instructions requested by defendant. The evidence discloses that at the time defendant was apprehended he was driving an automobile containing two five-gallon jugs of whisky. With him was one Jess

Walker, a negro laborer. Defendant sought to show that the whisky belonged to Walker, and that he was not aware it was in his automobile. He testified that, as the officers approached the car, Walker informed him of the whisky, and that he became agitated and speeded the car, and that such did not constitute an intentional conveyance of whisky. The requested instructions embody this theory, and defendant insists that he was entitled to have the jury instructed, in substance, that an intent to convey was essential to constitute the offense. Even if the evidence is true, the testimony of defendant discloses that, after being informed that Walker had whisky in the car, he continued to transport it.

It is further argued that the county attorney was guilty of misconduct in his argument. In the course of the argument, the county attorney stated that the records show that one of the counsel appearing for defendant was the judge who tried a case involving the same transaction and approved the verdict of the jury. Considerable of the argument is set out, which we have examined with care, and this is the only part that is at all objectionable. The former trial had been referred to in the evidence; the motion to quash or plea of jeopardy set out in the record is as stated by the county attorney. This is not so materially prejudicial as to require a reversal.

Some other matters are touched upon in the briefs, but none are of sufficient importance to require special discussion.

It is urged that the maximum punishment is excessive; that the offense is not so aggravated as to justify the punishment assessed. Justice requires that the judgment be modified by reducing the period of confinement to sixty days in the county jail, the fine to remain as assessed by the court.

As modified, the case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.