## NELLIE ROBERTS v. STATE.

No. A-10283.   Jan. 26, 1944.

(145 P. 2d 435.)

Frank Leslie, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and W. F. Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, J.   Defendant, Nellie Roberts, was charged in the court of common pleas of Tulsa county with the crime of unlawful possession of intoxicating liquor,

towit, nine pints of assorted liquor; was tried, convicted and sentenced to serve a term of six months in the county jail, and to pay a fine of $500, and has appealed.

A motion to dismiss the appeal was filed by the Attorney General, and a response filed thereto. Thereafter the case-made was withdrawn and corrections made, which, in our opinion, cures any error complained of with reference to the perfecting of the appeal. The motion to dismiss the appeal is therefore overruled.

This case is the outgrowth of a search made by the county officers of Tulsa county at the residence of defendant, on August 18, 1941, at which time nine pints of whisky were found. The premises were described as 2901 East Second street, Tulsa, Okla. Defendant was not present when the search started, but arrived before it was concluded, and made the statement in the presence of the officers that "it was her whisky and nothing there was the whisky of her mother or her brother." Defendant's mother and brother were present at the time the search was made, as were also several full-blood Indians, who were in an intoxicated condition. While the search was in progress two girls about 16 years of age came to the premises for the purpose of buying a pint of gin. They were referred by the officers to the defendant's brother as "the man of the house." He, of course, refused to sell them any liquor, stating that he did not have any, and when told by the officers that the place was being searched by them, the girls left.

When this matter was referred to the office of the county attorney of Tulsa county, instead of filing a joint charge against the defendant and her brother, two separate informations were filed, one against the defendant Nellie Roberts, and one against her brother, Lee Glenn. He was

first tried and convicted, and his case appealed to this court, and affirmed. Glenn v. State, 77 Okla. Cr. 124, 139 P. 2d 611. Pending the appeal of his case, this defendant was tried and convicted, and this is her case on appeal.

It is revealed by the record, and admitted by the state, that the liquor with the possession of which this defendant is charged, is the identical liquor with which her brother, Lee Glenn, was charged with having the possession, in the above case; and that it was found by the same officers, during the same search. It is the contention of defendant that Lee Glenn, having been charged with the possession of this identical liquor, and having been tried and convicted for the possession thereof, she could not lawfully be charged with the possession of the same liquor, and that the trial court erred in refusing to sustain a demurrer to the evidence, and the motion to dismiss the prosecution against her.

We have examined the decisions of this court and do not find that this identical question has ever been raised or passed upon by this court. We have had questions that may have been of similar intent, but not this exact question. We have held that an offense cannot be split into separate actions and two charges made as the result of the same search. Beaman v. State, 69 Okla. Cr. 455, 104 P. 2d 260; Beaman v. State, 69 Okla. Cr. 159, 101 P. 2d 281; Estep v. State, 11 Okla. Cr. 103, 143 P. 64, 69.

And we have held that one could not be charged with both the transporting and possession of the identical liquor, found at the same time. Snelling v. State, 41 Okla. Cr. 124, 271 P. 687; Hourigan v. State, 38 Okla. Cr. 11, 258 P. 1057; Grant v. State, 6 Okla. Cr. 172, 117 P. 1100. Or the sale and possession of the same liquor. Kimbrell v. State, 7 Okla. Cr. 354, 123 P. 1027.

We have also held that where intoxicating liquor was found by one set of officers at certain premises at a certain time of day, and other officers at a different time found other liquor on the same premises, yet at a time when the owner could have had time and an opportunity to place the same there after the first search of the premises, the owner could be charged and convicted of each offense. Vincent v. State, 75 Okla. Cr. 128, 129 P. 2d 214; Vincent v. State, 75 Okla. Cr. 116, 129 P. 2d 196.

But as above stated, the charging of two different parties in two separate informations, with the possession of the same liquor, seems to be of first import in this case. The brief filed by the defendant is limited, and the state has filed no brief. In our search we have been unable to find a case directly in point on the issue as above stated. We have come to the conclusion, however, that the county attorney had the right under the law of this state to file the two informations.

In the first place, a joint information could have been filed. If one of the parties should have been granted a severance, they would then have stood as each having been indicted separately, and they would have been separately tried. If the jury had found a joint interest in the liquor, both of them could have been convicted. If the jury in the instant case came to the conclusion that one had the legal title to the whisky found, but that the other had possession of the same for the purpose of selling, both could have been found guilty. The amount of liquor found was nine pints. Three pints were found in the residence, and six pints in a garage on the premises.

The circumstances as above related and found by the officers justified the jury in coming to the conclusion that liquor was being sold on the premises. The amount of

liquor found was prima facie evidence, under the law, that the possession of the same was for the purpose of unlawful sale. The defendant did not take the witness stand to rebut this presumption. She was the owner of the premises where the liquor was found. Her admission that it was her property, and that she was selling whisky and intended to keep on selling the same was sufficient justification for the jury to return a verdict of guilty against this defendant. The fact that some other party may have been convicted of the possession of this identical liquor is in our opinion no reason for discharging the defendant, under the record presented in this case.

We have carefully examined the authorities cited in the brief of defendant with reference to twice being put in jeopardy. These cases all refer to where the same defendant is twice put upon trial for the same offense, and do not deal with the question of different defendants being tried separately. There is, in our opinion, a clear distinction in the facts as they here exist.

It is further contended that the court erred in refusing to quash the evidence procured under the search warrant. This is based upon the fact that the search warrant had therein the name "John Doe," and it also contained the name "Nellie Roberts." We do not think the court erred in overruling this motion. The word "John Doe" could have been considered surplusage in this instance, because the name "Nellie Roberts" appears in the search warrant, and the identical number of the premises stated in the search warrant, was the number of the premises searched. All of the evidence was that it was defendant's residence. Vincent v. State, supra; State v. Skelton, 36 Okla. Cr. 377, 254 P. 754; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Ross v. State, 38 Okla. Cr. 252, 260 P. 90; Sherwood v. State, 48 Okla. Cr. 263, 290 P. 1112.

It is further urged that this case should be reversed by reason of the argument of the county attorney. While the argument was very vigorous, we do not think it was subject to the criticism urged.

The maximum punishment was assessed in this case, that of six months in jail and a $500 fine. We think, taking into consideration the amount of liquor found, and the statement of the county attorney in his argument that: "I have had a world of experience and know what I am talking about when I tell you that this all leads to other crimes, and murder and bloodshed;" and it is revealed by the brief of the defendant that the stepfather of the defendant had been charged with murder about three weeks prior to the trial of this case, and other circumstances, that the punishment should be modified to 90 days in the county jail of Tulsa county, and a fine of $250, and as so modified, the judgment and sentence of the court of common pleas of Tulsa county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.