### STATE v. HALLBACK.

1. HOMICIDE—ARRAIGNMENT.—The trial judge committed no error in refusing the demand of the prisoners, charged with murder, that the panel be entirely called over once in their hearing, before the jurors were presented for challenge.

2. WARRANT—CONSTABLE—CASE CRITICISED.—An affidavit which charges the defendant with committing "a trespass" on a designated tract of land,

"after notice," and a warrant based thereon alleging complaint of the commission of "a trespass" on the said land "after notice," sufficiently alleges the offence of "entry on the enclosed or unenclosed land of another, after notice from the owner or tenant prohibiting the same," to entitle the constable, deputised to arrest the defendant, to the protection of an officer of the law. This case distinguished from the case of State *v.* Mays, 24 S. C., 191, and attention called to the change of law since that decision was rendered.

3. IBID—IBID.—Where a warrant is addressed "to any lawful constable," and directs him to arrest the defendant, naming him, and on the back of this warrant is endorsed the appointment of "H. as a special constable to execute the within process," signed by the trial justice, H. is thereupon constituted a special constable, charged with the duty of arresting the defendant named in the warrant.

4. CHARGING JURIES—IMMATERIAL ERROR.—There is no error in charging an irrelevant proposition, unless it is shown that the defendant was injured thereby.

Before IZLAR, J., Berkeley, June, 1893.

Indictment against Jerry Hallback and Robert Scott for the murder of Robert Haisell in February, 1893. At the time of the homicide, the deceased was trying to arrest Jerry Hallback under the warrant set forth in the opinion.

*Messrs. Trenholm & Rhett*, for appellants.

*Mr. Jervey*, solicitor, contra.

January 2, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. *"Agreed Case.* The defendants, Jerry Hallback and Robert Scott, were indicted as principals, on a charge of murder, under the usual form of indictment, at the June term of the Court of Sessions for Berkeley County. Upon the call of the case, the defendants demanded a full panel. The clerk reported only thirty-five jurors present. The judge declined to order a full panel, and directed the clerk to present the jurors. (Defendants excepted.) Before any juror was presented for challenge, defendants demanded that the panel be entirely called over in their presence, before they should be called upon to enter on their right of challenge.

The court refused such demand, and the defendants again excepted. As each juror was presented, defendants renewed their previous demands, which being refused, exception was duly taken. The jury were presented and sworn under the express notice and protest of defendants that they waived no right by such presentation and empanelling. The defendants did not exhaust their right of peremptory challenge. Counsel agree that a typewritten copy of the evidence shall be filed with this agreed case as a part of the return, to which reference can be made just as if the same were here incorporated. The following are copies of the affidavit and *warrant* referred to in the testimony and exceptions.

" '*Affidavit.* The State of South Carolina, County of Berkeley. Personally appeared before me, R. H. Sweeney, a trial justice of the said county and said State, R. B. Cuthbert, who, being duly sworn, says, that on the 4th day of February, 1893, one Jerry Hallback did commit a trespass on the lands, what is known as the Porter tract, now under lease to the defendant (deponent), after notice, and prays that a warrant may be issued for him, he be arrested and dealt with according to law. (Signed) R. B. Cuthbert. Sworn to before me, this February 7, 1893. (Signed) R. H. Sweeney, trial justice.'

" 'The State of South Carolina, County of Berkeley. ——, trial justice in and for the said county and State. To any lawful constable. Whereas complaint upon oath has been made by R. B. Cuthbert that on the Porter tract, in St. Andrews, in the county and State aforesaid, on the 4th day of February, 1893, one Jerry Hallback did commit a trespass after notice. These are, therefore, to command you to apprehend the said defendant, Jerry Hallback, and bring him before me, to be dealt with according to law. Given under my hand and seal, this February 7th, 1893. (Signed) R. W. Sweeney, trial justice.' Back cover endorsed as follows: 'I hereby appoint Robert Haisell as a special constable to execute the within process. (Signed) R. W. Sweeney, trial justice. February 7th, 1893.' "

A book of testimony was offered, copy of which is attached to the record. Counsel for the defendants made numerous requests to charge (sixteen in number), some of which were

charged, others in part, and still others were refused entirely. It will not, however, be necessary to consider any of them, except those to which objection is made in the exceptions. After a full and clear charge as to what is murder, manslaughter, and a killing in self-defence, as applicable to the facts of the case, the jury rendered a verdict of "guilty," recommending Robert Scott to the mercy of the court. The defendants appeal to this court from the sentence imposed by his honor, Judge Izlar, and seek a reversal of the same, upon the following grounds and exceptions:

I. That there being but thirty-five jurors present on the day of trial, and the prisoners having given notice of their demand for a full panel, that his honor erred in overruling such demand, and requiring defendants to exercise, against their protest, their right of challenge from such incomplete and insufficient panel.

II. That his honor erred in overruling and refusing the demand of the prisoners that the panel be entirely called over once in their hearing before entering upon their right of challenge.

III. That his honor erred in refusing to charge the jury, as requested: "That the warrant issued by Trial Justice Sweeney on February 4th, 1893, for the arrest of the prisoner on a charge alleged as follows: 'That he, the said Jerry Hallback, did commit a trespass after notice, was illegal and of no legal force,' in that the offence charged was neither in the warrant or affidavit plainly and substantially set forth, and it was unlawful for any constable or private person especially appointed to execute the same."

IV. That his honor erred in charging the jury that said warrant did substantially and plainly set forth the offence charged, and was a valid legal process, and that the prisoners had no right to resist the same.

V. That his honor erred in refusing to charge the jury as follows: "That said warrant of arrest being illegal and of no legal force, it was unlawful for Haisell to attempt to execute the same, and it was lawful for the prisoners to resist any attempt at arrest thereunder; and further, it was lawful for the prisoner to forbid Haisell any entrance in his dwelling house."

VI. That his honor erred in refusing to charge the jury, as requested by the prisoners, as follows: "That said warrant of arrest being illegal and of no legal force, then, if the jury believe that Haisell and other armed persons attempted to enforce the same, and during such attempt attacked the prisoner in his dwelling house, and the prisoner being himself otherwise without fault in the opinion of the jury, reasonably apprehended death or serious bodily harm unless he killed Haisell, he was justified in self-defence in killing Haisell to save himself, and he should be acquitted."

VII. That his honor erred in refusing to charge the jury, as requested by the prisoners, as follows: "If the prisoner had a right to resist arrest on account of the warrant being without legal force, or on account of the lack of authority in Haisell to enforce the same, and if, in order to avoid such illegal arrest, he took refuge in his dwelling house, then in such case, if the jury believe that the deceased and others with guns and pistols surrounded such dwelling to enforce such illegal arrest, and thereupon Haisell attempted to enter said dwelling for such illegal purpose, and in such manner and threatening attitude as, in the opinion of the jury, reasonably entitled the prisoner to believe that his life was in danger, or that he was about to receive serious bodily harm, then in such case the prisoner was justified in killing Haisell and in driving away the other members of the attacking party, and the prisoner was not precluded from repelling such an attack by the fact that he had such prior notice of such intended attack, that he might have called upon the public authorities to intervene. When the said attack was actually made upon him, he was entitled to repel it, no matter how long he may have anticipated or prepared for it."

VIII. That his honor erred in refusing to charge the jury, as requested by the prisoners, "That Haisell had no authority to execute the warrant, inasmuch as he was not appointed in the manner provided by law, in that the alleged appointment contains no authority to arrest the prisoner, and no particular occasion is therein specified in writing."

IX. That his honor erred in admitting in the evidence the

said warrant, and in overruling the exception of the prisoners to such admission.

X. That his honor erred in charging the jury as to the law in reference to the consequence of resisting an officer, there being no evidence that Haisell was an officer.

XI. That his honor erred in not granting the motion of the prisoners for a new trial upon the grounds hereinbefore mentioned.

XII. That his honor erred in not granting a new trial as to the defendant Scott, there being no evidence to support the verdict against him.

Exceptions 1 and 2.  Under the authority of the *State* v. *Stephens*, 13 S. C., 287, the first exception was abandoned; and so was the twelfth, on the ground that it does not charge any error of law, and can not be reviewed by this court.

Exception 2 charges that the presiding judge "erred in refusing the demand of the prisoners that the panel be entirely called over once in their hearing before entering on their right of challenge." This may have been demandable at one time, but it is certainly not *now* the established practice in this State. The principal authority relied on to sustain the demand is the case of the *State* v. *Briggs*, 27 S. C., 80, in which is quoted the remark of Mr. Bishop, "that the defendant may require the panel to be full, and to be entirely called over in his hearing before entering upon his peremptory challenges." But it is obvious that such reference was not intended to declare that to be the law of this State, for the double reason that this question was not under consideration in that case, and the context clearly shows that the reference was made merely as an illustration of the question then being considered, viz: that it was error for a prisoner to be limited to *twelve challenges*, for the reason that he had exhausted *eight* in another jury the week before; that the right of challenge, as allowed, is sacred. The case of the *State* v. *Williams*, 2 Hill, 381, was an issue as to drawing *talesmen*, and the court said: "The prisoner is not entitled to a copy of the panel of the plea and petit jury attached to the *venire;* there is, therefore, no ground in this respect for the complaint which has been

urged, that if talesmen were to be his jurymen that he would have no means of knowing them until they were called into the box. There is, I think, great wisdom in not allowing a copy of the panel to the prisoner. If he were allowed to have it, it might be the means of enabling him to obtain an acquittal by bribery or influence. As it is, his triers are unknown to him until court, and often until called into the box; impartiality is thus most usually obtained for the suppression of crime and the protection of innocence." We do not think the Circuit Judge committed error, as charged in this exception.

Exceptions 3, 4, and 9, in different forms, make the point that the warrant issued by "Trial Justice Sweeney on February 4, 1893, for the arrest of the prisoner, Hallback, was illegal and of no legal force, and, therefore, it was no process, and to resist it was no offence." This is the most important question in the case, as to which the Circuit Judge charged as follows: "If the officer had the right to make the arrest, and employed no more force than necessary to do it, the killing of the officer would be murder, although done in the heat of blood. If the person sought to be arrested kills the officer after he has made known his authority, he does so at his peril. It has been urged in this case that the warrant under which the deceased sought to make the arrest was illegal and of no legal force, and that it was unlawful for any constable, or private person specially appointed, to execute, or attempt to execute, the same, and that it was lawful for the prisoner, Hallback, to resist any attempt at arrest thereunder. I do not think that the warrant was illegal. While it may be somewhat informal, the affidavit upon which the warrant is based does sufficiently charge an offence, and I think the affidavit is a substantial compliance with the formalities prescribed by law for the issuing of warrants of arrest. This being so, the deceased had the right to make the arrest thereunder; and if, in attempting to make the arrest, he employed no more force than was necessary, and was killed in the discharge of his duty, the killing would be murder, if you believe from the evidence that the deceased had made known his authority to the defendant, Hallback."

Was there error of law here? Section 830 of the General Statutes provides that "All proceedings before trial justices in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offence charged, upon which, and only which, shall a warrant of arrest issue." There is no doubt that the proceeding involved here was commenced by information under oath. There was the offence *"plainly and substantially"* set forth. The manifest object of the provision above quoted was to require that the offence with which a party was charged should be set forth plainly and substantially, as would enable the party accused to understand the nature of the offence with which he is charged, so that he might be prepared to meet the charge at the proper time. It certainly never was designed to require any more formality or technicality in stating the offence. This, as we have seen, never was required, and it would be unfortunate for the interests of public justice that it ever should be. *McConnell* v. *Kennedy*, 29 S. C., 180.

Now the charge made against the defendant, Hallback, and set forth in the affidavit on which the warrant issued, was, that on the day stated, he, Jerry Hallback, "did commit a trespass on the lands what is known as the Porter tract, now under lease to the defendant (deponent), after notice," &c.; and in the warrant the charge is set forth substantially in the same way, "that Jerry Hallback did commit a trespass after notice." Now while it is true that the specific offence with which Hallback was charged is not set forth in terms, yet, as we think, there can be no doubt or uncertainty whatever that the offence charged was that created by section 2507 of the General Statutes, which reads as follows: "Every entry on the enclosed or unenclosed land of another, after notice from the owner or tenant prohibiting the same, shall be deemed a misdemeanor." It seems that the supposed "uncertainty" arises out of the use of the word *trespass* instead of *entry*, but it is clear that *trespass* is a more comprehensive term than "entry," and, indeed, includes it; especially when we consider the words that follow, *"after notice,"* which do not occur at all in section 2501, which creates the offence of "trespass."

20—40

But it is insisted, with confidence, that the precise point was decided in the case of *State* v. *Mays*, 24 S. C., 191, which is conclusive of this case.    It was decided in that case "that the affidavit, which is the foundation of the whole proceeding in a trial justice's court (Gen. Stat., § 830,) is insufficient, where it fails to set forth plainly and substantially whether the offence charged was a trespass on real estate (which is beyond the jurisdiction of a trial justice, sec. 2501), *or* an entry upon the lands of another after notice forbidding the same.    *Ibid.*, sec. 2507."    It will, however, be observed that the case of Mays was decided in 1885, when the offence of trespass on lands (sec. 2501) was not within the jurisdiction of the trial justice court, and the "uncertainty" alleged in that case was between two offences, one of which was within the jurisdiction of a trial justice, and the other was not.    But in December, 1892, section 2501, General Statutes, was so amended with respect to the punishment to be inflicted as to bring the offence of trespass also under the jurisdiction of a trial justice.    See 21 Stat. 93.    So that at the time the warrant in this case was issued, a trial justice had jurisdiction of the offences created, both by the section 2501, and that of 2507 of the General Statutes ; and, therefore, whether the offence charged was one or the other, the trial justice had jurisdiction of it, and that necessarily destroyed the analogy which might be supposed to exist between this case and that of Mays.    "A warrant to arrest a party need not necessarily set out the offence, although it is usually recited and made a part of it."    *State* v. *Rowe*, 8 Rich., 17.    The evidence clearly shows that Hallback knew that Haisell was an officer.    He had been informed three days before that Haisell had a warrant for his arrest, and he was fully aware of the particular offence for which he was wanted.    Besides, while "it is true that ignorance of the alleged defect in the warrant at the time did not vary the case in strictness of law, there was an additional circumstance in his case which may deserve to be well weighed—that he had before deliberately resolved upon shooting Welch (the constable) in case he offered to arrest him again, which, in all probability, it might be his duty to do."    This was held sufficient of itself to war-

rant a conviction of murder, independently of the legality of the warrant. *Rex* v. *Stockley,* 1 East P. C., 311; *Graham* v. *State* (Texas), 13 S. W. Rep., 1013. We see no error as charged here.

Exceptions 5, 6, and 7 depend upon the alleged illegality of the warrant of arrest, now eliminated from the case by the charge of the judge, which, we have endeavored to show, was in conformity to law.

Exception 8 complains that his honor erred in refusing to charge "that Haisell had no authority to execute the warrant, inasmuch as he was not appointed in the manner provided by law; in that the alleged appointment contains no authority to arrest the prisoner, and no particular occasion is therein specified in writing," &c. The warrant was endorsed: "I hereby appoint Robert Haisell as a special constable to execute the within process. February 7, 1893. (Signed) R. H. Sweeney, trial justice." His honor said: "I can not charge you that request, because I have already said to you that I think the endorsement upon the warrant, if you conclude that endorsement was made by Trial Justice Sweeney, would be sufficient authority for executing the warrant; and during the time he was acting under that warrant for the purpose of executing it he would be an officer of the law," &c. The authority for the appointment of a special constable is found in the proviso of General Statutes, section 864: "That nothing herein contained shall prevent a presiding judge, or a trial justice, or a coroner from appointing a constable to act by virtue of such appointment only on a particular occasion, to be specified in writing." The objection, as we understand it, is that the constable was not directed in this endorsement *ipsissimis verbis* to arrest the prisoner. The endorsement became a part of the paper, and must be read in connection with the body of the warrant, wherein "*any lawful constable*" is commanded to apprehend the defendant, &c. The duty of a constable is a matter of law of which the court takes cognizance. See *McConnell* v. *Kennedy,* 29 S. C., 191.

Exception 10 is based on the assumption that there was no evidence that Haisell was an officer. In the view taken by

the judge there was conclusive evidence on that point.
4 Besides, there is no error in charging an irrelevant
proposition, unless it is shown that the defendant was
injured thereby.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and the case remanded to the Circuit Court, for the purpose of enabling that court to assign a new day for the execution of the sentence heretofore pronounced.