ED REED *et al.* v. STATE.

No. A-3417., Opinion Filed March 31, 1920.

On Rehearing, Sept. 15, 1920.

(191 Pac. 1041.)

(Syllabus.)

1.  **INDICTMENT AND INFORMATION—Information—Conciseness and Certainty.** An information is sufficient if it charges an offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case.

2.  **TRIAL—Severance—Gaming.** A severance in a prosecution for unlawfully conducting gambling games is not a matter of right on the part of a defendant, and may only be granted for good cause shown. Section 12, c. 26, Session Laws 1916.

3.  **APPEAL AND ERROR—Conviction—Sufficiency of Evidence.** Where the uncontradicted testimony sustains a conviction, the judgment will not be reversed on appeal.

*Appeal from District Court, Carter County;*
*W. F. Freeman, Judge.*

Ed Reed, J. M. Barron, and Tom Ford were convicted of conducting prohibited gambling games, and they appeal. Modified and affirmed. But see, also, 17 Okla. Cr. 672, 192 Pac. 426.

*W. F. Bowman,* for plaintiffs in error.

*W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiffs in error, Ed Reed, J. M. Barron, and Tom Ford, were tried and convicted, and the punishment of each assessed at imprisonment in the penitentiary for two years and a fine of $500, on an information which, after alleging venue and time, charges:

"They, the said Ed Reed, J. M. Barron, and Tom Ford, did then and there unlawfully, willfully, feloniously, open, conduct, and cause to be opened and conducted in a certain upper story of a certain brick building, situated on lot 5, in block 326, in the city of Ardmore, Carter county, Okla., and by them occupied and of which they had control, and did then and there permit and caused to be set up and used for the purpose of gambling certain tables, to wit, poker and crap tables, and divers other gambling devices at which banking and percentage games were played with cards, for chips, money, credits, and other representatives of value, and were conducted by the said Ed Reed, J. M. Barron, Tom Ford, and divers other persons to your informant unknown, contrary to," etc.

From the judgment rendered on the verdict an appeal was taken by filing in this court on June 8, 1918, a petition in error with case-made. There was a demurrer to the information that was overruled, and this ruling is the first error assigned.

The information charges a violation of section 1, c. 26, Session Laws 1916, which provides that—

"Every person who opens, or causes to be opened, or who conducts, whether for hire or not, or carries on either poker, roulette, craps or any banking or percentage, or any gambling game played with dice, cards or any device, for money, checks, credits, or any representatives of value, or who either as owner or employe, whether for hire or not, deals for those engaged in any such game, shall be guilty of a felony, and upon conviction thereof, shall be punished by a fine of not less than five hundred dollars, nor more than two thousand dollars, and by imprisonment in the state penitentiary for a term of not less than one year nor more than ten years."

An information is sufficient if it charges an offense in ordinary and concise language, without repetition, and in

such a manner as to enable a person of common understanding to know what is intended, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case. Code Crim. Proc. § 5746, Rev. Laws 1910.

No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits. Code Crim. Proc. § 5747, Rev. Laws 1910.

Tested by the above rules the information in this case is sufficient, and the court did not err in overruling the demurrer thereto.

There was a demand for a severance that was denied, and this ruling is the second error assigned.

Section 12, c. 26, Session Laws 1916, provides:

"Persons jointly charged with the violation of any of the provisions of this act shall be tried together, provided the court for good cause shown may grant a severance."

It thus appears that a severance in a prosecution for a violation of any of the provisions of chapter 26, Session Laws 1916, is not a matter of right on the part of the defendants, but will only be granted for good cause shown. In this case the record shows that the defendants merely requested the court that a severance be granted, and no showing was made why the same should be granted.

The overruling of the defendants' motion for an instructed verdict is the next error assigned. The undisputed facts show that the defendant Reed had a lease and

paid the rent to the owner of the place described in the information, and on the date alleged Deputy Sheriff Brooks, accompanied by Fred Pyeatt, raided the place. When the officers went up the stairs to raid the place the defendant Barron opened the door to allow a man to pass out, and as the officer stepped in he tried to push him back and said, "Don't go in there." The officer passed in and found the defendant Ford standing in the second door. They passed in and found seven or eight men sitting. at the tables gambling. The defendant Reed was sitting behind one of the tables, on which were cards, dice, money, and chips. The offiecrs picked up from the tables about $62. The defendants all asked the officer to let them down as light as he could. The defendants did not offer any evidence.

The principal question in the case is whether the evidence is sufficient to support the verdict, and we are of the opinion that it is, and for this reason the court did not err in refusing to advise the jury to acquit the defendants. On the whole case we find nothing in the record indicating that the defendants did not have a fair and impartial trial.

The judgments of the lower court are therefore offirmed.

ARMSTRONG and MATSON, JJ., concur.

## On Rehearing.

DOYLE, P. J. We have carefully reviewed the record in the light of the petition for rehearing. It appears that over the defendants' objections the court admitted evidence of the general reputation of the house where the games were alleged to have been opened and conducted to be that of a gambling place. If the prosecution had been for keeping and maintaining a gambling house, this evi-

dence might have been competent. However, where the offense charged is the opening and conducting of prohibited gambling games, the particular facts constituting the offense must be proved, and that was done in this case. In view of the fact that the testimony for the state was uncontradicted, no defense having been made, the only possible prejudice to the defendants that could be raised was in the assessment of the punishment by the jury, and for this reason the judgment and sentence herein that each of the defendants be imprisoned in the penitentiary for the term of two years and pay a fine of $500 will be modified, to the extent that each of the defendants shall be imprisoned for the term of one year and pay a fine of $500. This is the minimum punishment fixed by the statute.

As thus modified, the judgment will be affirmed.

ARMSTRONG and MATSON, JJ., concur.