## C. T. WEITZ v. STATE.

No. A.-3860.    Opinion Filed June 18, 1923.

(215 Pac. 962.)

(Syllabus.)

**Chattel Mortgages—Disposing of Mortgaged Property—Insufficient Evidence.** Upon consideration of the whole record in this case, it is held the defendant was not accorded a fair and impartial trial.

Appeal from District Court, Beaver County; Arthur G. Sutton, Judge.

C. T. Weitz was convicted of disposing of mortgaged property, and he appeals. Reversed.

Loofbourrow & Loofbourrow and A. S. Dickson, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. C. T. Weitz, plaintiff in error, here designated the defendant, was by information filed on the 26th day of March, 1919, charged with unlawfully disposing of two certain automobiles during the months of April and July, 1917, contrary to the provisions of section 2215, Comp. Stat. 1921, commonly known as the penal statute, relating to the selling, removing, or disposing of mortgaged chattels. At the trial, on April 13, 1919, the defendant was found guilty as charged, and by judgment of the court his punishment was fixed at confinement in the penitentiary for a term of two years. From the judgment so rendered he appeals.

The evidence on the part of the state discloses that the defendant, for the purpose of perfecting an automobile device which he had invented, borrowed from J. P. Bollinger in Texas the sum of $500, and to secure the payment of this

note defendant on different dates, in Texas, gave to Bollinger two separate chattel mortgages covering two Ford cars, both cars to be kept in Beaver county, Okla. As further security defendant also executed a real estate mortgage on certain land in Texas. Later, the automobile attachment enterprise not proving successful, the defendant sold the "whole business" to a third person, with the agreement that this vendee would assume the indebtedness to Bollinger. Bollinger had been advised by defendant that he had sold his interests, but not given his specific consent to the sale. This third person, defendant's vendee, failed to pay this note, and after a period of two years this prosecution was instituted against defendant for selling and removing mortgaged property under the provisions of section 2215, Comp. Stat. 1921, which reads as follows:

"Any mortgagor of personal property, or his legal representative, who, while such mortgage remains in force and unsatisfied, conceals, sells, or in any manner disposes of such property, or any part thereof, or removes such property, or any part thereof, beyond the limits of the county, or materially injures or willfully destroys such property, or any part thereof, without the written consent of the holder of such mortgage, shall be deemed guilty of a felony, and shall, upon conviction, be punished by imprisonment in the penitentiary for a period not exceeding three years or in the county jail not exceeding one year, or by a fine of not to exceed five hundred dollars: Provided, that the writing containing the consent of the holder of the mortgage, as before specified, shall be the only competent evidence of such consent, unless it appear that such writing has been lost or destroyed."

The defendant offered no testimony.

The Attorney General has filed a confession of error in which this court in part concurs.

The information was in two counts, charging the unlawful

sale of two different automobiles, covered by two different mortgages. To this information the defendant interposed a demurrer, as follows: (1) Comes now the defendant and demurs to the information filed in this cause for the reason that the same charges two separate and distinct offenses. (2) For the further reason that said information does not state sufficient facts in what is denominated the first count to constitute a public offense against the laws of the state of Oklahoma. (3) For the further reason that said information does not state sufficient facts in what is denominated the second count to constitute a public offense against the laws of the state of Oklahoma.

From the record we are unable to determine positively whether the court sustained the demurrer on the ground of duplicity, or whether he merely suggested that, as the information stood, it should be sustained on that ground. It is stated that the state elected to dismiss the second count of the information, from which we infer that there may have been no formal ruling on the demurrer. If the demurrer was in fact sustained because of duplicity, nothing remained from which to make an election—nothing from which one count could be striken to cure the duplicity.

Sections 2611 and 2612, Comp. Stat. 1921, point out the procedure to be followed where a demurrer is sustained.

"Upon considering the demurrer, the court must give judgment either sustaining or overruling it, and an order to that effect must be entered upon the minutes." Section 2611.

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, di-

!rect the case to be resubmitted to the same or another grand jury, or that a new information be filed.'' Section 2612.

Since nothing appears of record to show an order directing that a new information be filed, or any other formal order, we may assume that the election of the state to strike out one of the causes of action originally stated was made before any ruling was made on the demurrer. In that event the count remaining, if otherwise sufficient, might be construed or considered the equivalent of an amended information, sufficient to support the verdict.

This court has disapproved the practice of charging two or more separate and distinct crimes or offenses in one information, with the expectation or for the purpose of dismissing all but one when the cause comes on for trial. Kimbrell v. State, 7 Okla. Cr. 355, 123 Pac. 1027.

It appears that Bollinger, the complaining witness and mortgagee, for a period of two years was depending upon the defendant's vendee to pay this note. He at least deferred pressing his claim against the defendant until after he ascertained that he could not collect from the vendee. This, in good conscience, should operate as a waiver of his right to complain of defendant's sale of the property. We doubt that it would so operate as a matter of law, but it illustrates how this statute is used and abused by persons who try to make collections and who, failing to do so by ordinary means, then resort to this criminal statute to collect, at the expense of the county, a private debt in which the public has no interest.

The prosecuting witness acquired title to the Texas land, which defendant gave him a mortgage upon by foreclosure proceedings. There was testimony tending to show that the value of the land was sufficient to reimburse him for the loan

made. This, of course, constituted no défense, but might be considered along with other circumstances in mitigation of the offense.

The venue of the offense was not clearly charged or proved. The information states that C. T. Weitz of Beaver county, Okla., had executed a mortgage in Texas, covering the property described, and that he "then and there" sold the property, in violation of the statute. From these declarations it is impossible to ascertain just where it is charged the property was sold—whether it was in Beaver county or in Texas. True, the mortgage, which was made a part of the information, stated that the property should be kept in Beaver county, but that would not prevent the mortgagor from selling it elsewhere.

For the reasons stated, the cause is reversed.

MATSON, P. J., and DOYLE, J., concur.