HARRY E. MULLINS

*v.*

STATE OF TENNESSEE

(*Jackson,* April Term, 1957.)

Opinion filed May 3, 1957.

Rehearing Denied June 7, 1957.

Second Petition for Rehearing Denied July 29, 1957.

GEORGE C. ROWLETT, Martin, for plaintiff in error.

NAT TIPTON, Advocate General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Mullins was indicted, tried and convicted for the unlawful possession of intoxicating liquor. From this offense he was given a fine of $500 and a 6 months confinement to the County Workhouse. He has seasonably appealed, briefs filed and able argument heard. We now have the matter for disposition.

There are various assignments of error but principally the contention is that the Highway Patrolmen who served the search warrant were not authorized to do so unless some County officer was present when this warrant was executed. Obviously if the search is illegal then the evidence found thereunder would likewise be illegal and there could be no conviction as the only evidence of guilt was found via of the search warrant. It is also insisted that error was committed below by not

requiring the affiant to the search warrant to disclose the person who gave him the information wherein this whisky was found. This question had been foreclosed long ago in this State in *Bragg v. State,* 155 Tenn. 20, 290 S.W. 1. It is not now debatable. This Court in that case held that this information could not be and was not required for very obvious reasons. We see no reason why this rule should be overturned.

The search warrant is a printed form exactly as required by statute (Sec. 40-506, T.C.A.) with the blanks filled in and sworn to before a justice of the peace. Under this warrant two highway patrolmen in the absence of any county officers searched the business of the plaintiff in error and found 302 half-pints of various brands of whisky and gin. Mullins introduced no testimony on his behalf.

The very able argument is made that under our statute (Section 40-508, T.C.A.) the warrant may be executed only by the person to whom it is directed and by no other except when done in aid or in the presence of such officer. This is the general rule.

"A search warrant must be executed by the officer or officers mentioned in its direction who have authority to perform such duties, unless it is done for, or in aid of, such officer or officers and in his or their presence." 79 C.J.S. Searches and Seizures, sec. 83, subd. (b) p. 897.

Under this quotation are cases recited from various States in the Union supporting the rule with certain exceptions stated therein. Among the exceptions are Arkansas where in *Albright v. Karston,* 206 Ark. 307, 176 S.W. 2d 421, that Court held that under a statute conferring

police powers on the State highway patrolmen that that body could execute a search warrant. To the same effect the Courts of Oklahoma have held that the highway patrolmen could serve search warrants. *Winger v. State,* 88 Okl.Crim. 174, 201 P.2d 264; *Hewitt v. State,* 53 Okl. Crim. 117, 7 P.2d 495, and others.

Be this as it may, the question is now foreclosed in Tennessee and has been since *Vickers v. State,* 176 Tenn. 415, 142 S.W.2d 188, 145 S.W.2d 768, was handed down in June, 1940. In other words for the last seventeen years the law enforcement officials of Tennessee have considered that highway patrolmen had the authority and power to execute a search warrant by reason of the Vickers case. Of course there are those who believe in a strict construction of these search warrants and under such a construction, if it had not been decided otherwise, probably such a warrant could not be executed except by those specifically designated in the warrant which would exclude the highway patrolmen. Then of course there is the school of thought of a liberal construction which this Court has applied in the Vickers case. Under such a situation for the reasons therein expressed now a highway patrolman in this State is authorized to execute a search warrant. After a careful study of the Vickers case, we have concluded that as far as this State is concerned the question is no longer debatable. We can see no reason to change the rule as applied in that case and since it has been the law for that length of time we cannot see how anyone can now be hurt by reason of it because it is now the applicable law.

This Court in the Vickers case in construing the same statutes above referred to which are now relied upon in

this case held that the term "peace officer" was a very comprehensive term embracing all kinds of officials which include the highway patrol and that the act creating the highway patrol which provided that they might "assist the County and Municipal police authorities" was broad enough to mean that they might go ahead and execute these warrants without them being directed to any specific officer so long as this statutory form which is here used was used.

The plaintiff in error relies upon *Brown v. Barker,* 10 Humph. 346, 29 Tenn. 346. This case is a civil case and as stated in the brief and in oral argument applies the general rule above quoted from C.J.S. This case as far as we can find has never been cited since. We have Shepardized it and find no other reference thereto. This case was not cited in the Vickers case. The opinion was written over 100 years ago and of course long before the highway patrol was ever dreamed of. We think in view of the holding of this Court (it is true it was on divided opinion but still it is the law of the State) that any holding to the contrary in *Brown v. Barker, supra,* is overruled.

After studying this matter very carefully we are constrained to follow the rule as laid down in *Vickers v. State, supra* and must hold that the search herein was good. This being true all assignments of error are overruled and the judgment below affirmed with costs.

### On Petition to Rehear.

The plaintiff in error has filed herein a courteous, sincere and dignified petition to rehear. It is his insistence that we misconstrued the holding of this Court in *Vickers*

*v. State,* 176 Tenn. 415, 142 S.W.2d 188, 145 S.W.2d 768, in that:

"The plaintiff-in-error is not challenging the authority of the Highway Patrol to execute a search warrant as was done in the Vickers case, when it is properly directed to them, but he is challenging the authority of the Highway Patrol to execute a search warrant when not properly directed to said Highway Patrol."

From the opinion in the Vickers case all we know about the warrant is what is said there in reference to the warrant which is that it was in the proper form and "was unlawful because made by officers of the State Highway Patrol." This quotation of course is the contention as made by the plaintiff in error in that case. Thus we must assume from the statements of the Court there that it was a statutory warrant, as here, probably directed to the sheriff or peace officer or some one but was not directed to "the State Highway Patrol". The warrant in the instant case was not directed to the State Highway Patrol either. This being true it was ably contended in oral argument and in the original brief that under Section 40-508, T.C.A., specifically citing the original opinion, that this warrant was illegal because it was directed to the sheriff and the constable of Weakley County and was not directed to the Highway Patrol. This same argument is again very forcefully made here.

We have again re-read the Vickers case. The writer of this opinion, when the case was argued before the Court in Jackson, had the idea somewhat as the plaintiff in error contends now, but after very carefully reading

and re-reading some two or three times the opinion in the Vickers case, we have concluded that the purpose of that opinion was to hold that in view of the statute (Chapter 49 of the Public Acts of 1939) conferring authority upon members of the Highway Patrol to enforce the law, and of the definitions given to the "assist" by that opinion, that then it was the purpose of the Vickers case to hold that this Act would be construed along with the Code Section last above referred to (40-508, T.C.A.) and make any warrant issued to the sheriff or others there valid when executed by a member of the State Highway Patrol because that member in doing so was under the force there given the statute assisting the officers to whom it was directed.

The Court in the Vickers case said too that these statutes (specifically referring to the one last above referred to, Sec. 40-508, T.C.A.) would not be "narrowly" construed.

The Court in the Vickers case along the line we are talking about had this to say:

"To meet this situation authority was conferred and the duty imposed on the members of the Highway Patrol to assist the officers already primarily dedicated to this purpose in this particular branch of law enforcement. They are to assist in the abatement of a particular evil,—not in its abatement by a particular officer. By raids and arrests when this law violation is brought to their attention, this group of officers, constantly patroling the public roads, will contribute to the suppression of the evil and thus render assistance in this broad sense. In the use of the word 'assist', it

is the end which is considered by the Legislature, not the particular or immediate agency. The object was not to authorize the patrol to assist this or that local officer, on this or that occasion, and only when summoned by him, but to assist the body of local officials, in enforcement generally of a general law." (176 Tenn. 415, 142 S.W.2d 190.)

Thus since the announcement by this Court of the Vickers case the law has been generally that search warrants directed to the sheriff or this or that, when served by one of these Highway Patrolmen was lawfully served. As we said in the original opinion this is a liberal rather than a strict interpretation of our statute. In view of the holding of this Court in the Vickers case and the actions thereunder for the last 15 or 20 years since it was enunciated by the Highway Patrol apparently it was not deemed necessary for the Legislature to enact any new law or to change this statute. Clearly if it was changed it would have obviated the questions here made. But since it has been construed as we now interpret that it has we certainly do not feel justified in reversing the case.

It is for these reasons that the petition must be overruled.

## On Second Petition to Rehear.

The plaintiff in error has filed herein a second petition to rehear. This petition to all intents and purposes is a reargument of what has happened heretofore twice in the briefs and once orally. This second petition more or less tries to find a grain of wheat which was hidden under

a plantain leaf here or there. It though seeks and does nothing more than has been done heretofore.

We admire perserverance very much. Perserverance is the spirit or quality that refuses to yield to discouragement and as we all know discouragement is the great defeater. This quality has been emphasized from biblical times down to date as a necessary prerequisite to success. We do for these reasons admire it but are sorry to say that in the instant case it must fail.

 This Court (none of the personnel of the present Court were on the Court at the time the Vickers opinion was written) in their decision in the Vickers case, heretofore frequently referred to, unquestionably decided that since the creation of the Highway Patrol that that body had a right to serve search warrants and do everything generally that a law enforcement officer could. The law enforcement officers named in these statutes which have been on the books for many, many years prior to the enactment or the creation of the Highway Patrol were considered to have been so to speak supplemented by the creation of these new peace officers to aid and help enforce the law and stop law violations. It has been our intention heretofore to say that we have concluded after reading and re-reading many times, and again since this second petition to rehear was filed, that this was the purpose of the Vickers opinion. The law enforcement officers of the State have apparently so construed it. The annotaters to the Code have in effect so construed it. In a note affixed to Section 57-148, T.C.A. (this is the Section 15 of Chapter 49 of the Public Acts of 1939, as referred to in the Vickers case) the annotaters to the Code have this to say:

"Provision of this section conferring upon the highway patrol the right to assist county and municipal police authorities in the enforcement of this or any other law relating to alcoholic beverages does not limit the authority of the officers of the highway patrol to those cases in which they are acting in conjunction with the local officers or summoned by the local officers but was intended to assist the body of local officials in enforcement generally of a general law. * * *

"The provisions of this section conferring on the highway patrol the authority 'to enforce the provisions of this act or any other act relating to * * * alcoholic beverages' includes the execution of search warrants."

We appreciate the sincerity of counsel in his insistence herein. We feel constrained and obligated to follow the holding of this Court in the Vickers case because as we see it there is absolutely no reason at this point why such holding should be overruled. The reported case shows Vickers was represented by eminent counsel when the matter was argued before this Court some seventeen years ago.

For the reasons herein stated the petition must be denied.